IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00300-MR

| | |
|---|---|
| JASON CARMONA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNION COUNTY DISTRICT ) <br> ATTORNEY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is a Letter that is construed as a Motion in which the Plaintiff seeks various relief [Doc. 11]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

## I. BACKGROUND

The *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Union County Jail, complaining about incidents that allegedly occurred at the Albemarle Correctional Institution.[1] [Doc. 1]. He names as Defendants: the North Carolina

---

[1] According to the Union County Sheriff's Office website, the Plaintiff was arrested on February 17, 2021 for second degree murder, drug distribution, death by distribution, and sell/deliver other schedule II controlled substance in Criminal Case No. 21CR050625; and

Department of Public Safety ("NCDPS"); the Union County District Attorney; and Jane Doe, a Albemarle CI classification officer.

The Plaintiff alleges that he was falsely imprisoned for 22 days after he should have been released following the expiration of his sentence, as a result of a paperwork error. According to the Plaintiff:

> I was sentence[d] in Union County by parole officer and commission to do a 90 day CRV! Paperwork was late or mixed up to give me days credit. I was released 22 days late and they tried to make it look like it was no big deal.
> …
> Classification at Institution couldn't talk about it she said too much, just to sign my release. Combined records messed up on your paperwork or County of Union.

[Id. at 4].

As injury, the Plaintiff alleges that he "had to suffer mentally knowing what a Big mistake they made. The quality of life deprived and not knowing if justice will prevail to hold those accountable." [Id. at 5].

---

for trafficking in opium or heroin, Criminal Case No. 21CR050631. See http://sheriff.co.union.nc.us/InmateDetail.aspx?navid=637671378276488750 (last accessed Sept. 13, 2021); Fed. R. Ev. 201. According to the North Carolina Department of Public Safety's website, the Plaintiff had previously been released from Albemarle CI on June 6, 2020. See
https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=14 76563&searchLastName=carmona&searchFirstName=jason&searchDOBRange=0&list url=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 13, 2021). His probation/parole/post-release status is "active." Id.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

3

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff names NCDPS as a Defendant. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claim against NCDPS does not survive initial review and is dismissed with prejudice.

The Plaintiff names the Union County district attorney as a Defendant. However, he fails to make any factual allegations against that Defendant whatsoever. See Fed. R. Civ. P. 8(a)(2) (a short and plain statement is required); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). Moreover, prosecutors are entitled to absolutely immunity from Section 1983 liability for acts arising out of the exercise of their official functions. See Imbler v. Pachtman, 424 U.S. 409, 418 (1976). The claims

4

against the Union County district attorney are therefore dismissed with prejudice.

The Plaintiff also attempts to state a claim against Jane Doe, who is identified as an Albemarle CI classification officer, for false imprisonment.[2] In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391, the Plaintiff's action may be heard in a venue where the Jane Doe Defendant resides, or in the venue where the issue substantially

---

[2] The Plaintiff filed a prior action in this Court in which he attempted to assert false imprisonment and negligence claims with regard to his late release from custody against the State and Albemarle CI. See Civil Case No. 3:21-cv-00211-MR. That case was dismissed without prejudice. In the Order of dismissal, the Plaintiff was advised that, if he intended to bring a § 1983 false imprisonment claim, it should be filed in the appropriate venue i.e., the Middle District of North Carolina where Albemarle CI is located. Carmona v. North Carolina, 2021 WL 2295517 (W.D.N.C. May 26, 2021). The Court noted that, depending on the nature of the claims, they may be barred by Heck v. Humphrey, 512 U.S. 477 (1994), or properly brought only through a habeas petition. Carmona, 2021 WL 2295517, at *2, n.4.

arose, which here is the Middle District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this claim, or, if it is in the interest of justice, transfer this claim to the United States District Court for the Middle District of North Carolina. The Court will transfer this action. In transferring the action, the Court does not comment on the merits of the Plaintiff's purported claim.

Finally, the Plaintiff has filed a Letter in which he requests: a jury trial; participation in this Court's *Pro Se* Settlement Assistance Program ("PSAP"); and discovery. The Plaintiff's request to add a demand for a jury trial is essentially a piecemeal attempt to amend the Complaint, which is denied. This denial is without prejudice for the Plaintiff to amend the Complaint in accordance with the Federal Rules of Civil procedure and the U.S. District Court for the Middle District of North Carolina's rules. See generally Fed. R. Civ. P. 15. The Plaintiff's request to participate in this Court's PSAP is denied as moot.[3] The Plaintiff's request for discovery is denied as premature and misdirected to this Court. See LCvR26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery

---

[3] In any event, PSAP is not available to cases in which the *pro se* party is a prisoner or pretrial detainee. LCvR 16.4(b)(1).

material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition.").

## IV. CONCLUSION

In sum, the Court will dismiss Defendants NCDPS or the Union County district attorney with prejudice. The Plaintiff's *pro se* Letter is construed as a Motion and is denied. The Plaintiff's false imprisonment claim against the Jane Doe Albemarle CI classification officer will be transferred to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. The claims against NCDPS and the Union County district attorney are **DISMISSED WITH PREJUDICE.**
2. Plaintiff's Letter [Doc. 11] is construed as a Motion and is **DENIED**.
3. This action is **TRANSFERRED** to the Middle District of North Carolina.

**IT IS SO ORDERED**.

Signed: September 17, 2021

Martin Reidinger
Chief United States District Judge