IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21CV729 |
| ) | |
| UNION COUNTY DISTRICT ATTORNEY, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Union County Jail, submitted a pro se Complaint [Doc #1] under 42 U.S.C. § 1983 in the United States District Court for the Western District of North Carolina. Plaintiff named the Union County District Attorney, the North Carolina Department of Public Safety, and an unidentified Classification Officer at Albemarle Correctional Institution as Defendants. The Western District dismissed the first two Defendants on initial screening, but made no ruling as to the third Defendant, the Classification Officer. Instead, it noted that venue for any claim against her was proper in this District and transferred the matter here. Plaintiff also later filed an Amended Complaint [Doc. #14].

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint and Amended Complaint, Plaintiff was imprisoned during 2019 or 2020. Defendant allegedly spoke with Plaintiff and told him that there was a "delay in paperwork within combine records" in Raleigh or in Union County, that he had overserved his sentence by 22 days, that she was sorry for the mishap, that she could not talk about it further, and that he needed to sign his release papers. Plaintiff was released from prison immediately at that point. (Complaint [Doc. #1], §§ II(D), IV(B).) Plaintiff now seeks damages for the extra time that he served. At no point in the pleadings is there any allegation that Defendant caused or contributed to the alleged overservice of Plaintiff's sentence. In fact, she attributes the error to others, and Plaintiff's Amended Complaint asserts only that "the system messed up." The Defendant's only actions were to inform Plaintiff of the error and secure his release. Neither of those actions violated Plaintiff's rights or caused him to be wrongfully incarcerated. Plaintiff also alleges that Defendant would not discuss the cause of the error with him further, but he states no facts establishing that she had any federal statutory or constitutional duty to do so. Therefore, the Complaint and Amended Complaint state no claim for relief against Defendant and should be dismissed.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 14th day of January, 2022.

       /s/ Joi Elizabeth Peake
United States Magistrate Judge