IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JASON CARMONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV729 |
| | ) | |
| UNION COUNTY DISTRICT | ) | |
| ATTORNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff in the present matter filed a Complaint [Doc. #1] under 42 U.S.C. § 1983 in the United States District Court for the Western District of North Carolina. Plaintiff named the Union County District Attorney, the North Carolina Department of Public Safety, and an unidentified Classification Officer at Albemarle Correctional Institution as Defendants. The Western District dismissed the first two Defendants on initial screening, but made no ruling as to the third Defendant, the Classification Officer. Instead, it noted that venue for any claim against her was proper in this District and transferred the matter here. Plaintiff also later filed an Amended Complaint [Doc. #14]. The undersigned reviewed the filings and entered a Recommendation [Doc. #16] recommending that the matter be dismissed under 28 U.S.C. § 1915A for failing to state a claim upon which relief can be granted. Objections to that Recommendation were due by January 31, 2022. Plaintiff submitted what was docketed as Objections [Doc. #18] but that filing, upon review, is actually a Motion seeking to amend the Complaint to state a proper claim for relief.

Because Plaintiff already filed an Amended Compliant, he may amend only with leave of court or the consent of the Defendant. See Fed. R. Civ. P. 15(a)(1). The Defendant has not given consent. As for leave of the Court, "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Here, Plaintiff alleged in his Complaint and Amended Complaint that Plaintiff was imprisoned during 2019 or 2020. The Classification Officer allegedly spoke with Plaintiff and told him that there was a "delay in paperwork within combine records" in Raleigh or in Union County, that he had overserved his sentence by 22 days, that she was sorry for the mishap, that she could not talk about it further, and that he needed to sign his release papers. Plaintiff was released from prison immediately at that point. (Complaint [Doc. #1], §§ II(D), IV(B).) The undersigned recommended that the claims against the Classification Officer be dismissed because there was no allegation that she somehow caused or contributed to any overservice of Plaintiff's sentence. Plaintiff now seeks to amend by adding Ken Butler, who he believes was the Director of Prisons during his incarceration, and the person in charge of North Carolina's combined records as Defendants. He does not seek to add any factual allegations, but instead alleges that they should have known of the proper timing of his release and that it was past due.

Plaintiff sets out no facts whatsoever suggesting that the Defendants he seeks to add actually knew of his release date and intentionally held him in custody. It mainly appears that he seeks to add them based on their positions as supervisors. This is not proper because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not form a basis for a claim under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Further, Plaintiff's allegations that these persons should have known of his release

2

date are consistent with, at most, an allegation of negligence. However, § 1983 prohibits only intentional violation of federal rights, not negligence. Therefore, Plaintiff's proposed amendments do not state any viable claim for relief, his Motion to Amend is futile, and it should be denied as such.

The Court will allow Plaintiff a further period of time to file any objections if he seeks to do so, to this Recommendation or to the earlier Recommendation.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Amend [Doc. #18] be denied.

IT IS ORDERED that the time for Plaintiff to file any objections to the prior Recommendation [Doc. #16], which also remains pending, is extended until April 7, 2022.

This, the 24th day of March, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge